MARTÍNEZ, PETITIONER, *v*. BRYAN, DISTRICT JUDGE,
RESPONDENT.

PETITION for a Writ of Mandamus to the Judge of the District
Court of Aguadilla in a Prosecution for False Repre-
sentation.

No. 199.—Decided March 14, 1921.

MANDAMUS—SPEEDY TRIAL—JUST CAUSE FOR DELAY.—When in a petition for a
writ of mandamus to obtain the dismissal of a prosecution on the ground
that it had not been called for trial within the period of 120 days the
reasons on which the trial judge based his refusal to dismiss are not set
forth, the petition will be denied, for it was incumbent upon the petitioner
to destroy the presumption that his case was not delayed without just cause.

The facts are stated in the opinion.

The petitioner appeared *pro se*.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

As we understand the facts of this petition, which are
a little uncertain, a complaint was at one time filed against
the petitioner, namely, on August 17, 1917, in the Municipal
Court of Aguadilla and subsequently, or on July 31, 1920,
an information was filed against him in the District Court
of Aguadilla for the same offense; that on December 21,
1920, the petitioner presented a motion asking for a dis-
missal by virtue of section 448 of the Code of Criminal Pro-
cedure, inasmuch as there was no trial for 120 days (from
and after a time not named), and that on the 21st day of
February he made a similar motion because the trial had
not been had within 120 days after the beginning of the
prosecution. We are not certain that the petitioner is not
attempting to say that there has been no trial since the orig-
inal prosecution in the municipal court was begun in August,
1917. The petitioner does not say that the 120 days should
be counted from the filing of the information as required by
section 448, *supra*.

The petitioner also presented a motion on the same day alleging several matters, namely, that the grand jury had no right to consider a misdemeanor and that the supposed misdemeanor was committed at least three years before and hence was barred. Independently of the fact that limitation must be pleaded, it is evident that these particular matters could all be reached by an appeal and that the petitioner could not be prejudiced by a delay.

In *Dyer* v. *Rossy*, 23 P. R. R. 718, we decided that mandamus would lie to compel a judge to dismiss a case where a trial had been delayed for more than 120 days from the filing of the record on appeal in the district court. In that case, however, the petition set forth the causes alleged by the *fiscal* and we had the opportunity of judging whether they were just causes or not.

Section 448 of the Code of Criminal Procedure, in its first paragraph, provides as follows:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases: * * * "

So that, where a court has refused to dismiss, the presumption would be that the court has so refused to dismiss because there was a good cause and therefore the petitioner should overcome the presumption that the refusal was based on good cause.

Not being convinced from the petition *prima facie* that the petitioner's case was delayed without just cause, the writ must be denied.

*Petition denied.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.